IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL J. FELTS,<br><br>                Plaintiff,<br><br>v.<br><br>SHERIFF WINDER et al.,<br><br>                Defendants. | **ORDER & MEMORANDUM DECISION**<br><br><br>Case No. 2:15-CV-271-RJS<br><br>District Judge Robert J. Shelby |

Plaintiff, inmate Michael J. Felts, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2015), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens his Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### Deficiencies in Complaint

The Complaint:

(a) improperly names as a defendant Sheriff Winder, when the doctrine of respondeat superior likely renders him an invalid defendant.

(b) raises issues of classification change in a way that does not support a cause of action.

(c) refers to a group of defendants as, "Metro Jail Classification Group," without giving detailed information that would allow them to be identified individually.

(d) possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(e) alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(f) does not state a proper legal-access claim (see below).

    (g) is perhaps supplemented with claims from a motion filed on December 8, 2015, which claims should be included in an amended complaint, if filed, and will not be treated further by the Court unless properly included.

    (h) has claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys.

**Instructions to Plaintiff**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant."  *Id.*  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fifth, the Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his conviction and/or sentencing. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for

3

habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment.  *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid.  *Id.* at 487.  Here, it appears it may regarding some claims.  If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid.  Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.*  This has apparently not happened and may result in dismissal of such claims.

Finally, the Court notes that on of Plaintiff's claims involves legal access.  As Plaintiff fashions his amended complaint, he should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980).  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance furnished but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim."  *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation."  *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement."  *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

## ORDER

**IT IS HEREBY ORDERED that:**

(1) Plaintiff must within thirty (30) days cure the Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and form habeas petition for Plaintiff to use should he choose to file an amended complaint or habeas petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for summary judgment is **DENIED**, (*see* Docket Entry # 9); there is no valid complaint on file to be served, let alone support summary judgment.

(5) Plaintiff's motion regarding claims additional to the ones in his original complaint is **DENIED**.  (*See* Docket Entry # 14.)  Plaintiff may include in his amended complaint,

should he choose to file one, any additional claims that he did not include in the original complaint.

DATED this 21st day of January, 2016.

                BY THE COURT:

                _____
                JUDGE ROBERT J. SHELBY
                United States District Judge